971 So.2d 253 (2008)
FLORIDA DEPARTMENT OF VETERAN'S AFFAIRS d/b/a Baldomero Lopez Memorial Veterans Nursing Home, Appellant,
v.
Harold CLEARY, Appellee.
No. 2D06-4069.
District Court of Appeal of Florida, Second District.
January 4, 2008.
David R. Herman, General Counsel, Florida Department of Veterans Affairs d/b/a Baldomero Lopez Memorial Veterans Nursing Home, Tallahassee, for Appellant.
No appearance for Appellee.
Karen L. Goldsmith of Goldsmith, Grout & Lewis, P.A., Winter Park, for Amicus Curiae Florida Health Care Association.
GALLEN, THOMAS M., Associate Senior Judge.
The Florida Department of Veteran's Affairs ("the Department") appeals the final order of a hearing officer which held that the discharge of Harold Cleary from the Baldomero Lopez Memorial Veteran's Nursing Home was unlawful because it occurred without giving a thirty-day notice. Cleary did not file a brief in this appeal. The Florida Health Care Association filed an Amicus brief in support of the Department. We reverse.
The management of the nursing home concluded that it was necessary to discharge Cleary because of his continuing *254 pattern of inappropriate sexual conduct toward other residents and the staff.
The staff apprised Cleary's family of the circumstances on May 1, 2006, and discussed moving Mr. Cleary to another facility which would be better staffed and equipped to deal with his "uncontrollable" sexual problems. The family opposed such a move.
Finally on May 24, 2006, the nursing home management and professional staff all agreed that Cleary's conduct was endangering the safety and health of the other residents and they decided to discharge him and transfer him to another facility. The family complained to the Department of Children and Families ("DCF") and obtained a hearing on August 25, 2006, before a DCF hearing officer. The hearing officer's final order indicates there was no dispute regarding Cleary's behavior or that it presented a safety issue to the other residents. The family's sole contention was that Cleary could not be discharged without a thirty-day notice unless the condition presented an emergency.
The hearing officer concluded that the circumstances were governed by Title 42 of the Code of Federal Regulations ("C.F.R."), which defined an "emergency" as "unanticipated resident behavior that places the resident or others at serious threat of violence or injury," (42 C.F.R. § 483.352) and concluded that Cleary's behavior was not "unanticipated." She ordered Cleary to be readmitted. The final order states:
As both parties stipulated to the incidents of the petitioner's inappropriate sexual behavior and neither party disputed that the . . . inappropriate behavior presents a safety issue to other residents in the facility, the discharge would have been appropriate had the facility given appropriate notice. This Final Order does not preclude the facility from issuing a thirty day notice once the petitioner has been readmitted to the facility should they choose to do so.
Initially we observe that the hearing officer cited an inapposite section of the 42 C.F.R. Section 483.352 pertains to the use of "restraint" as an "emergency safety intervention" deemed necessary due to "unanticipated resident behavior." Section 483.12 governs "admission, transfer and discharge rights." Subsection 12(a)(2)(iii) and (iv) provide authority to "transfer or discharge" a resident when safety or health of "individuals in the facility" would be endangered. Subsection 12(a)(5)(ii)(A) and (B) provide that in such circumstances, notice may be made "as soon as practicable before transfer or discharge."[1] There is clearly no requirement under circumstances such as those in this case that the inappropriate conduct be "unanticipated" before a discharge can be effected without a thirty-day notice.
The hearing officer's order requiring that Cleary be readmitted so he can be discharged again after receiving a thirty-day notice is reversed because it was based on the wrong regulatory requirement.
Reversed.
NORTHCUTT, C.J., and SALCINES, J., Concur.
NOTES
[1] Similar language is found in section 400.0255(7)(b), Florida Statutes (2005).